TODD D. MATTINGLY, Tex Bar No. 00791203
MATEO Z. FOWLER, California Bar No. 241295
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone:  713-223-2300
Facsimile:   713-221-1212
Todd.Mattingly@bgllp.com
Mateo.Fowler@bgllp.com

ADAM I. GAFNI, California Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2029 Century Park East, Suite 1400
Los Angeles, California 90067
Telephone: (310) 415-0567
Facsimile: (310) 919-3037
adam@gafnilaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| X6D LIMITED;<br>X6D USA INC.; AND<br>XPAND, INC.<br><br>                Plaintiff,<br><br>   v.<br><br>VOLFONI, INC.<br>VOLFONI SAS<br><br>                Defendants. | **CASE NO.:  CV10-09583 MMM (JCx)** *Assigned to the Honorable Judge Margaret M. Morrow*<br><br>**PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 1, 9, 14, 18C, 18F, 18G, 18H, 18J, 20, 21 AND SIGNATURE LINE]** |

## PROTECTIVE ORDER

Good cause appearing, the Court hereby Orders:

**Proceedings and Information Governed.**

1.      This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and governs any Discovery Materials designated as Confidential, Attorneys' Eyes Only or Restricted Attorneys' Eyes Only, as those terms are defined below, furnished by

-1-

any Plaintiff or any Defendant (each hereinafter a "Party") to any other Party in the above styled and numbered cause (the "Litigation").  This Protective Order further applies to any non-party ("Third Party") who produces documents or things in connection with this Litigation regardless of whether such production is made pursuant to subpoena **if such Third Party agrees in writing to be bound by this Protective Order**.

**<u>Definitions.</u>**

2.       (a)       "Discovery Materials" means anything produced or provided by any Party to another Party or by any Third Party to a Party in this Litigation, including, but not limited to, documents, things, deposition testimony, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, and other writings or things produced, given, served, or filed in this Litigation, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

(b)       "Producing Party" or "Designating Party" means a Party to this Litigation, or any Third Party, on behalf of which documents, things, or information are furnished, produced, or disclosed, whether voluntarily or in response to a request for discovery or by court order, during the course of this Litigation.

(c)       "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during the course of this Litigation.

(d)       "Outside Counsel" means the outside counsel of record for each Party, including all attorneys, staff and clerical support personnel affiliated with or employed by such outside counsel, as well as temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support.

-2-

(e)     "In-House Counsel" means an attorney who is an employee in the legal department of a Party whose responsibilities include overseeing this case.

(f)     "Party" includes every director, officer, and employee of every Party to this action.

(g)     A designation of "Confidential" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.  Information designated as "Confidential" may be used and communicated only as provided in this Protective Order.

(h)     A designation of "Attorneys' Eyes Only" shall be limited to: (1) trade secrets; (2) highly sensitive design, development, or manufacturing information; (3) highly sensitive business planning, strategy or marketing information; (4) highly sensitive financial information, including but not limited to financial statements unless such information is publicly available in some form; or (5) other confidential non-public information which the disclosing Party or non-party in good faith believes will result in significant risk of competitive disadvantage or harm if disclosed to another Party without restriction upon use or further disclosure. Information designated as "Attorneys' Eyes Only" may only be used and disclosed as provided in this Protective Order.

(i)     A designation of "Restricted Attorneys' Eyes Only" shall be limited to: (1) source code; (2) source code comments; or (3) documents describing or including source code.  Information designated as "Restricted Attorneys' Eyes Only" may only be used and disclosed as provided in this Protective Order.

**Designation and Maintenance of Information.**

-3-

3.     Confidential, Attorneys' Eyes Only, and Restricted Attorneys' Eyes Only information does not include, and this Protective Order does not apply to (1) information that is already lawfully in the knowledge or possession of the Receiving Party, unless that Party is already bound by agreement not to disclose such information, or (2) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4.     Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(g) above may be designated by the Producing Party as containing Confidential information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**

All documents of a Party that are electronic in their native format, shall be produced to the Requesting Party in electronic format, unless otherwise agreed upon by the parties in writing.  The Designating Party shall designate Confidential Information by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party.  To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with control number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, …").

PROTECTIVE ORDER                                                Case No.:  CV10-09583 MMM (JCx)

5.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(h) above may be designated by the Producing Party as containing Attorneys' Eyes Only information by placing on each page and each thing a legend substantially as follows:

**"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

All documents of a Party that are electronic in their native format, shall be produced to the Requesting Party in electronic format, unless otherwise agreed to by the parties in writing.  The Designating Party shall designate Attorneys' Eyes Only information by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party.  To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with control number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, …").

6.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(i) above may be designated by the Producing Party as containing Restricted Attorneys' Eyes Only information by placing on each page and each thing a legend substantially as follows:

**"RESTRICTED ATTORNEYS' EYES ONLY" or "RESTRICTED ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

-5-

All documents of a Party that are electronic in their native format, shall be produced to the Requesting Party in electronic format, unless otherwise agreed by the parties in writing.  The Designating Party shall designate Restricted Attorneys' Eyes Only information by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party.  To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with control number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, …").

7.      A Party may designate Discovery Materials disclosed at a deposition as Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any Party will have twenty one (21) calendar days after receipt of the deposition transcript to designate, in writing to the other Parties and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only.  During this twenty one (21) calendar day period, the transcript must be treated as Attorneys' Eyes Only, unless the Producing Party consents to less confidential treatment of all or some of the transcript.  If no such designation is made at the time of the deposition or within this twenty one (21) calendar day period, the entire deposition

1  will be considered devoid of Confidential, Attorneys' Eyes Only, or Restricted

2  Attorneys' Eyes Only information.  Each Party and the court reporter must attach a

3  copy of any final and timely written designation notice to the transcript and each

4  copy of the transcript in its possession, custody or control, and the portions

5  designated in such notice must thereafter be treated in accordance with this

6  Protective Order.  It is the responsibility of outside counsel of record for each Party

7  to maintain materials containing Confidential, Attorneys' Eyes Only, or Restricted

8  Attorneys' Eyes Only information in a secure manner and appropriately identified

9  so as to allow access to such information only to such persons and under such terms

10  as is permitted under this Protective Order.  Any video tape of the deposition shall

11  be treated in the same manner as the transcript, i.e., all portions of the video

12  recording testimony designated Confidential, Attorneys' Eyes Only, or Restricted

13  Attorneys' Eyes Only shall be segregated on separate media and the media shall be

14  marked consistent with that designation.

15  **Inadvertent Failure to Designate or Claim Privilege.**

16  8.       (a)     The inadvertent failure to designate Discovery Materials in accordance

17  with this Protective Order or to withhold information, documents, or other things as

18  subject to the attorney-client privilege, the attorney work product doctrine, or other

19  applicable immunity, privilege, or exemption from discovery, will not be deemed to

20  waive a later claim as to its confidential or privileged nature.  In the case of a failure

21  to designate Discovery Materials under the Protective Order, such failure shall not

22  preclude the Producing Party from making appropriate designations at a later date in

23  writing and with particularity.  The newly designated information must be treated by

24  any Receiving Party in accordance with its new designation from the time the

25  Receiving Party is notified in writing of the change.

26       (b)     If a Producing Party inadvertently discloses to a Receiving Party

27  information that is subject to the attorney-client privilege, the attorney work product

28

-7-

doctrine, or that is otherwise privileged or immune from discovery, the Producing Party shall promptly, upon learning of such disclosure, so advise the Receiving Party in writing.  Should the Receiving Party reasonably believe that the Producing Party inadvertently produced privileged Discovery Materials, the Receiving Party shall promptly notify the Producing Party in writing.  The Producing Party shall respond within fourteen (14) calendar days confirming the privilege status of the Discovery Materials in question.  If the Producing Party notifies the Receiving Party that the Discovery Materials identified by the Receiving Party are privileged, then the Receiving Party shall return or confirm the destruction of all of the identified Discovery Materials within fourteen (14) calendar days of receipt of the notice from the Producing Party that the Discovery Materials in question are privileged and shall thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing.  The notice from the Producing Party shall include a privilege log for the inadvertently produced materials to the Receiving Party.  No Party to this Litigation shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity.  The Party returning or destroying such inadvertently produced Discovery Materials may seek production of any such documents in accordance with the Federal Rules of Civil Procedure (based on information independent of the content of the allegedly privileged materials in question), but in so doing may not assert that the inadvertent production by the Producing Party waived any claim of attorney-client privilege, attorney work product, or other privilege or immunity.  Nothing herein shall prevent the Receiving Party from contending that privilege was waived for reasons other than the mere inadvertent production thereof, but such contention shall be based on the privilege log contents and not on the contents of the inadvertently produced document.  Outside counsel of record shall not be required to delete information that

may reside on their respective firms' electronic back-up systems that are over-
written in the normal course of business.

**Challenge to Designations.**

9.     A Receiving Party may challenge a Producing Party's designation of
information as Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes
Only at any time.  Any Receiving Party disagreeing with a designation may request
in writing that the Producing Party change the designation.  A Receiving Party that
elects to initiate a challenge must do so in good faith and explain in writing the basis
for its belief that the confidentiality designation was improper.  The Producing Party
will then have fourteen (14) calendar days after receipt of a challenge notice to
advise the Receiving Party whether or not it will change the designation.  If the
Parties are unable to reach agreement after the expiration of this fourteen (14)
calendar day time-frame, the Receiving Party may at any time thereafter seek an
order to alter the confidential or privileged status of the designated information.
Until any dispute under this paragraph is ruled upon by the Court, the Producing
Party's designation will remain in full force and effect, and the information will
continue to be accorded the designated level of confidential treatment required by
this Protective Order.  The Producing Party shall have the burden of persuading the
Court that the designation of materials as Confidential, Attorneys' Eyes Only, or
Restricted Attorneys' Eyes Only is appropriate.  In the event of any such dispute, the
procedure for obtaining a decision from the Court is set forth in Local rules 37-1
through 37-4.

**Disclosure and Use of Confidential Information.**

10.     Absent agreement in writing by the Producing Party or Order of the Court,
information designated as Confidential, Attorneys' Eyes Only, or Restricted
Attorneys' Eyes Only may only be used for purposes of preparation, trial, and

PROTECTIVE ORDER                                     Case No.:  CV10-09583 MMM (JCx)

1  appeal of this Litigation.  This Protective Order has no effect upon and shall not
2  apply to (a) any Producing Party's use of its own Confidential, Attorneys' Eyes
3  Only, or Restricted Attorneys' Eyes Only materials for any purpose, (b) any
4  person's use of documents or other information developed or obtained
5  independently of discovery in this Litigation for any purpose, or (c) non-confidential
6  documents produced in this Litigation.

7  11.     Nothing in this Protective Order shall bar or otherwise restrict any attorney
8  from rendering advice to a Party-client in this Litigation and, in the course thereof,
9  relying upon such attorney's knowledge of Confidential, Attorneys' Eyes Only, or
10  Restricted Attorneys' Eyes Only information; provided, however, that counsel shall
11  not disclose the substance of Confidential, Attorneys' Eyes Only, or Restricted
12  Attorneys' Eyes Only information in a manner not specifically authorized under this
13  Protective Order.

14  12.     Subject to paragraph 14 below, information designated Confidential may be
15  disclosed by the Receiving Party only to the following individuals, provided that
16  such individuals are informed of the terms of this Protective Order:

17       (a) any natural person who is a Party or a current officer, director or other
18  employee, but: (i) only to the extent necessary to assist in the conduct or preparation
19  of this litigation; and (ii) only after that individual executes a Confidentiality
20  Agreement in the form attached hereto as Exhibit B and an executed copy is
21  provided to each Party;

22       (b) two (2) employees of the Receiving Party (or an affiliate thereof in the
23  case of a corporate Party) who are required in good faith to provide assistance in the
24  conduct of this Litigation, including any settlement discussions, subject to paragraph
25  15 below and their execution of the declaration attached hereto as Exhibit A;

26       (c) in-house counsel of a Party (or an affiliate thereof in the case of a
27  corporate Party);

28

-10-

1  (d) outside counsel of record for the Receiving Party;

2  (e) supporting personnel employed by (c) and (d), such as paralegals, legal

3  secretaries, data entry clerks, legal clerks, and private photocopying services;

4  (f) outside experts or consultants;

5  (g)  with respect to any particular document that has been designated as

6  "Confidential," the author or addressee of that particular document, as well as any

7  person who prepared or reviewed that document prior to the date this action was

8  filed;

9  (h)  Any person who is designated to receive CONFIDENTIAL documents

10  by order of the Court or by written stipulation of the Parties;

11  (i)  The Court, court personnel, any court or deposition reporters used in

12  connection with this action, and any such reporter's support personnel;

13  (j) any persons requested by counsel to furnish services such as document

14  coding, image scanning, mock trial, jury profiling, translation services, court

15  reporting services, demonstrative exhibit preparation, or the creation of a computer

16  database from documents for outside counsel of record's use only; and

17  (k) those individuals permitted under paragraph 19(b).

18  13.  Subject to paragraph 14 below, information designated as Attorneys' Eyes Only

19  or Restricted Attorney Eyes' Only may be disclosed by the Receiving Party only to

20  the following individuals, provided that such individuals are informed of the terms

21  of this Protective Order:

22  (a) outside counsel of record for the Receiving Party;

23  (b) supporting personnel employed by (a), such as paralegals, legal

24  secretaries, data entry clerks, legal clerks, and private photocopying services;

25  (c) outside experts or consultants;

26

27

28

-11-

1    (d) any person who is designated to receive Attorneys' Eyes Only or

2  Restricted Attorney Eyes' Only documents by order of the Court or by written

3  stipulation of the Parties;

4    (e) the Court, court personnel, any court or deposition reporters used in

5  connection with this action, and any such reporter's support personnel;

6    (f) any third-party vendor not otherwise associated with a Party requested by

7  outside counsel of record to furnish services such as document coding, image

8  scanning, mock trial, jury profiling, translation services, court reporting services,

9  demonstrative exhibit preparation, or the creation of a computer database from

10  documents for outside counsel of record's use only, but only so long only after that

11  vendor and any person acting for such vendor executes a Confidentiality Agreement

12  in the form attached hereto as Exhibit B, with the executed copy of the

13  Confidentiality Agreement to be provided to each Party at the conclusion of the

14  litigation;

15    (g) those individuals permitted under paragraph 19(b);

16    (h) notwithstanding any provision of this Protective Order, any attorney or

17  technical advisor for or representing any Parties in this action who obtains, receives,

18  has access to, or otherwise learns, in whole or in part, technical information

19  designated Attorneys' Eyes Only or Restricted Attorneys' Eyes Only shall not

20  prepare, prosecute, supervise, consult, or assist in the prosecution of any patent

21  application generated from or derived from any Attorneys' Eye Only or Restricted

22  Attorneys' Eyes Only information received from another Party or Third Party

23  relating to the subject matter of this litigation within two (2) years from disclosure

24  of the technical information or one (1) year after the conclusion of the litigation,

25  including any appeals, whichever period is longer.  These obligations will not apply

26  to information which the receiving party can establish by legally sufficient evidence

27  (1) was already widely known in the public domain or possessed by the receiving

28

party at a time of the disclosure by the producing party; (2) which becomes widely known public knowledge after disclosure by the producing party to the receiving party through no fault to the receiving party and due to a failure to maintain the confidential nature of said information; and (3) which the receiving party obtains from a third party who has the right to make such transfer or disclosure, after disclosure by the producing party to the receiving party, or was independently developed by the receiving party without using any Confidential, Attorneys' Eyes Only and Restricted Attorneys' Eyes Only information received by the producing party.  Furthermore, in the event of a breach, all parties, including their affiliates, successors-in-interest, predecessors-in-interest, officers, directors, trustees, employees, representatives and other assigns, agree to waive any and all objections to personal and subject matter jurisdiction and service.

14.     Further, prior to disclosing Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information to a Receiving Party's proposed expert or consultant, the Receiving Party must provide to the Producing Party (a) a signed Confidentiality Agreement in the form attached to this Protective Order as Exhibit A, (b) the resume or curriculum vitae of the proposed expert or consultant, including identifying the proposed expert's or consultant's current employer, (c) the proposed expert's or consultant's current and past consulting relationships in the industry, and (d) a listing of cases in which the proposed expert or consultant has testified as an expert at trial or by deposition within the preceding four years preceding the date on which the expert or consultant executes Exhibit A.  The Producing Party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual.  The objection must be made for good cause and in writing, stating with particularity the reasons for the objection.  Failure to object within ten (10) business days constitutes approval.  If the Parties are unable to resolve any objection, the Producing Party may apply to the Court to resolve the

1   matter and bears the burden of persuasion on such motion.  There will be no

2   disclosure to any proposed individual during the ten (10) business day objection

3   period, unless that period is waived by the Producing Party, or, if any objection is

4   made, until the Parties have resolved the objection or the Court has ruled upon any

5   resultant motion.  In the event of any such dispute, the procedure for obtaining a

6   decision from the Court is set forth in Local rules 37-1 through 37-4.

7   15.    Outside counsel of record is responsible for the adherence by third-party

8   vendors to the terms and conditions of this Protective Order.  Outside counsel of

9   record may fulfill this obligation by obtaining a signed Confidentiality Agreement in

10  the form attached as Exhibit B.

11  16.    Confidential or Attorneys' Eyes Only information may be disclosed to a

12  person who is not already allowed access to such information under this Protective

13  Order if: (a) the information was previously received or authored by the person or

14  was authored or received by a director, officer, employee or agent of the company

15  for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); or (b)

16  outside counsel of record for the Party designating the material agrees that the

17  material may be disclosed to the person.  Disclosure of material pursuant to this

18  paragraph does not constitute a waiver of the confidential status of the material so

19  disclosed.

20  **Protections for Source Code.**

21  17.    Where materials consisting of source code in electronic form are designated

22  as Restricted Attorneys' Eyes Only, this section shall apply thereto in addition to the

23  other provisions of this Protective Order.  At the option of the Producing Party,

24  materials designed as Restricted Attorneys' Eyes Only may be made available on a

25  computer provided by the Producing Party at an appropriately secure facility located

26  in either the Central District of California or the Los Angeles/Orange County area,

27  and chosen by the Producing Party ("the designated facility").  If a Producing Party

28

-14-

1   elects to produce such information at a designated facility, the requesting party shall

2   be responsible for all costs and expenses associated with the designated facility.

3   Such materials shall be made available for inspection by the persons to whom

4   disclosure is authorized pursuant to this Protective Order, at a mutually convenient

5   time at the designated facility.

6   18.     Nothing in this Protective Order shall be construed to obligate (or exempt) the

7   Parties from producing any source code or act as an admission that any particular

8   source code is discoverable.  However, if Discovery Material designated as

9   Restricted Attorneys' Eyes Only is produced at a designated facility, it shall be

10  subject to the following provisions.  Moreover, all such source code, and any other

11  Discovery Materials designated as Restricted Attorneys' Eyes Only, that is produced

12  at a designated facility shall be subject to the following provisions:

13          (a)     All source code will be made available by the Producing Party to the

14  Receiving Party at the designated facility in a private room on a secured computer

15  with all output ports disabled with the exception of a monitored printer connection,

16  as necessary and appropriate to prevent and protect against any unauthorized

17  copying, transmission, removal or other transfer of any source code outside or away

18  from the computer on which the source code is provided for inspection (the "Source

19  Code Computer").  The Producing Party shall be obligated to install such tools or

20  programs necessary to review and search the code produced on the platform

21  produced.  Receiving Party shall not erase, load, install, or otherwise modify any

22  program (or request that any program be erased, loaded, installed, or otherwise

23  modified by the Producing Party) on the Source Code Computer without first

24  submitting a written request and obtaining the Producing Party's agreement to the

25  request.

26          (b)     The Receiving Party's outside counsel of record and/or outside experts

27  shall be entitled to take notes relating to the source code but may not copy the

28

-15-

source code into the notes in such a manner as to circumvent the source code protections herein.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(c)     The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code.  The Receiving Party may print portions of the source code on colored paper only when reasonably necessary to facilitate the Receiving Party's preparation in this Litigation, including, when reasonably necessary, to prepare any filing with the Court or to serve any pleadings or other papers on any other Party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.  The Receiving Party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time.  In no event may the Receiving Party print more than 25 consecutive pages and no more than 500 pages of source code in aggregate during the duration of this Litigation without prior written approval by the Producing Party or Order of the Court.  Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy on colored (and/or watermarked or otherwise marked to identify any copies made of the copies produced by the Producing Party) paper, and label as "Confidential/Restricted Attorneys' Eyes Only" any pages printed by the Receiving Party.  If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days.  If, after meeting and conferring, the Producing Party and the

-16-

Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity.  In the event of any such dispute, the procedure for obtaining a decision from the Court is set forth in Local rules 37-1 through 37-4.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy of such pages on colored paper to the Receiving Party within five (5) business days and shall retain one copy.  The printed pages shall constitute part of the source code produced by the Producing Party in this Litigation.

(d)    A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the designated facility to view the source code and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, shall be entitled to monitor the printer connection to the Source Code Computer, and shall also be entitled to a copy of the log on request.

(e)    Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel of record and/or outside experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

(f)    Other than as provided in sub-paragraph 18(c) above, the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the

-17-

PROTECTIVE ORDER

Case No.:  CV10-09583 MMM (JCx)

1   source code onto any other computers or peripheral equipment.  The Receiving

2   Party will not transmit any source code in any way from the designated facility.

3       (g)    The Receiving Party shall maintain and store any paper copies of the

4   source code or notes related to such source code (as referenced in sub-paragraph

5   18(b) above) at its offices in a manner that prevents duplication of or unauthorized

6   access to the source code or notes, including, without limitation, storing the source

7   code or notes in a locked room or cabinet at all times when it is not in use.

8       (h)    The Receiving Party's outside counsel of record may make no more

9   than four additional paper copies on colored paper of any portions of the source

10  code printed pursuant to sub-paragraph 18(c) above, not including copies attached to

11  court filings, and shall maintain a log of all copies of the source code (received from

12  a Producing Party) that are provided by the Receiving Party to any qualified person

13  under the terms of this Protective Order.  The log shall include the names of the

14  recipients and reviewers of copies and locations where the copies are stored.  Any

15  paper copies of source code shall be stored or viewed only at (i) the offices of

16  outside counsel of record for the Receiving Party, (ii) the offices of outside experts

17  who have been approved to access source code under this Protective Order; (iii) the

18  site where any deposition is taken; (iv) the Court; or (v) any intermediate location

19  necessary to transport the information to a hearing, trial or deposition.  Any such

20  paper copies shall be maintained at all times in a locked and secure location.  The

21  Producing Party shall not unreasonably deny a Receiving Party's request to make

22  (and log) additional copies, providing that the request is for good cause and for use

23  that otherwise complies with this Protective Order.  The Producing Party shall be

24  entitled to a copy of the log upon request, and at the conclusion of the Litigation.

25      (i)    The Receiving Party may include excerpts of source code in a pleading,

26  exhibit, expert report, discovery document, deposition transcript, other Court

27  document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").

28

-18-

1   The Receiving Party shall only include such excerpts as are reasonably necessary for

2   the purposes for which such part of the source code is used.

3       (j)     To the extent portions of source code are quoted in a SOURCE CODE

4   DOCUMENT, either (1) the entire document will be stamped "Restricted Attorneys'

5   Eyes Only" or (2) those pages containing quoted source code will be separately

6   bound, and stamped as "Restricted Attorneys' Eyes Only."  All SOURCE CODE

7   DOCUMENTS shall be submitted for filing under seal in accordance with Local

8   Rule 79-5.

9       (k)     All paper copies shall be securely destroyed if they are no longer

10  necessary in the Litigation (*e.g.*, extra copies at the conclusion of a deposition).

11  Copies of source code that are marked as deposition exhibits shall not be provided to

12  the Court Reporter or attached to deposition transcripts; rather, the deposition record

13  will identify the exhibit by its production numbers.

14      (l)     The Receiving Party may create an electronic copy or image of selected

15  portions of the source code only when reasonably necessary to accomplish any filing

16  with the Court or to serve any pleadings or other papers on any other Party

17  (including expert reports).  Images or copies of source code shall not be included in

18  correspondence between the Parties (references to production numbers shall be used

19  instead) and shall be omitted from pleadings and other papers except to the extent

20  permitted herein.  The Receiving Party may not create electronic images, or any

21  other images, of the source code from the paper copy for use on a computer (*e.g.*,

22  may not scan the source code to a PDF, or photograph the code).

23  **Disclosure to Witnesses.**

24  19.     (a)     Any person currently employed by a Party, retained as an expert

25  witness by a Party, or designated by a Party as a witness under Fed. R. Civ. P.

26  30(b)(6) may be examined by the opposing Party upon deposition concerning any

27

28

-19-

1    Discovery Materials designated by such Party as Confidential, Attorneys' Eyes

2    Only, or Restricted Attorneys' Eyes Only.

3          (b)      Any person other than those identified in paragraph 19(a) who is or

4    may be a witness may be examined upon deposition concerning any Discovery

5    Materials marked Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes

6    Only, only if the document or other Discovery Material indicates on its face that the

7    person was an author, addressee or recipient of the document, the document came

8    from such person's files, or prior deposition testimony reveals that the person was

9    provided with or had access to the document.

10   **Non-Party Information.**

11   20.    The existence of this Protective Order must be disclosed to any Third Party

12   producing Discovery Materials in the Litigation who may reasonably be expected to

13   desire confidential treatment for such Discovery Materials.  Any such person may

14   designate documents, tangible things, or testimony confidential pursuant to this

15   Protective Order.  However, no such Third Party is bound by the terms of this

16   Protective Order unless such Third Party agrees to be so bound in writing.

17   **Filing Documents With the Court.**

18   21.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

19   briefs, and other documents submitted to the Court which have been designated as

20   Confidential, Attorneys' Eyes Only, Restricted Attorneys' Eyes Only, or which

21   contain information so designated shall be submitted for filing under seal in

22   accordance with the procedures set forth in Local Rule 79-5.1.

23   **No Prejudice.**

24   22.    Producing or receiving confidential information, or otherwise complying with

25   the terms of this Protective Order, will not: (a) operate as an admission by any Party

26   that any particular Confidential, Attorneys' Eyes Only, or Restricted Attorneys'

27   Eyes Only Discovery Materials contains or reflects trade secrets or any other type of

28

confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material; or (f) operate as an admission by any Party that any particular Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information is admissible.

**Materials Held Under Obligations of Confidentiality Toward Third Parties.**

23.     A Party shall not fail to disclose or otherwise withhold from discovery any document or information on grounds of claimed obligation of confidentiality toward third parties, except in compliance with this provision.  In the event a discovery request (or deposition question) calls for information deemed by a Party to be subject to a contractual obligation of confidentiality to a third party, the Party shall: (a) promptly notify the third party that, unless objection is lodged with the Court within ten (10) days or within the time period set forth in a prior agreement between the producing party and the third party, whichever is longer, the information will be disclosed subject to this protective order; or (b) make prompt motion to the Court demonstrating that its compliance with the third party notice-and-opportunity-to-object-before-disclosure procedure in subsection (a) of this paragraph would in and of itself violate its contractual obligation to the third party.

**Conclusion of Litigation.**

24.     Within sixty (60) calendar days after entry of final judgment in this Litigation, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement or otherwise, each Party or other

-21-

1  person subject to the terms of this Protective Order is under an obligation to destroy

2  or return to the Producing Party all Discovery Materials containing Confidential,

3  Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information, and to

4  certify to the Producing Party that this destruction or return has been completed.

5  However, outside counsel of record for any Party is entitled to retain all court

6  papers, trial transcripts, exhibits, and attorney work product, provided that any such

7  materials are maintained and protected in accordance with the terms of this

8  Protective Order.

9  **Other Proceedings.**

10  25.    By entering this Protective Order and limiting the disclosure of Discovery

11  Materials in this Litigation, the Court does not intend to preclude this or another

12  court from finding that information may be relevant and subject to disclosure in

13  another case.  Any person or Party subject to this Protective Order who may be

14  subject to a motion to disclose another Party's information designated under this

15  Protective Order must promptly notify that Party of the motion so that the Party may

16  have an opportunity to appear and be heard on whether that information should be

17  disclosed.

18  **Survival of Terms.**

19  26.    Absent written modification by the Parties, the provisions of this Protective

20  Order that restrict the disclosure and use of Confidential Information shall survive

21  the final disposition of this matter and continue to be binding on all persons and

22  entities subject to the terms of this Protective Order.

23  **Remedies.**

24  27.    It is Ordered that this Protective Order will be enforced by the sanctions set

25  forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the

26  Court, including the power to hold Parties or other violators of this Protective Order

27

28

1 | in contempt.  All other remedies available to any person injured by a violation of
2 | this Protective Order are fully reserved.
3 | 28.      Any Party may petition the Court for good cause shown if the Party desires
4 | relief from a term or condition of this Protective Order.
5 |
6 | IT IS SO ORDERED.
7 |
8 |
9 | Dated:  September 23, 2011
10 |
11 |
12 | _____/s/_____
JACQUELINE CHOOLJIAN
13 | UNITED STATES MAGISTRATE JUDGE
14 | .

-23-

TODD D. MATTINGLY, Tex Bar No. 00791203
MATEO Z. FOWLER, California Bar No. 241295
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone:  713-223-2300
Facsimile:  713-221-1212
Todd.Mattingly@bgllp.com
Mateo.Fowler@bgllp.com

ADAM I. GAFNI, California Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2029 Century Park East, Suite 1400
Los Angeles, California 90067
Telephone: (310) 415-0567;
Facsimile: (310) 919-3037
adam@gafnilaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| X6D LIMITED;<br>X6D USA INC.; AND<br>XPAND, INC.<br><br>                   Plaintiff,<br><br>        v.<br><br>VOLFONI, INC.<br>VOLFONI SAS<br><br>                   Defendants. | **CASE NO.:  CV10-09583 MMM**<br>**(JCx)** *Assigned to the Honorable Judge*<br>*Margaret M. Morrow*<br><br>**EXHIBIT A:  CONFIDENTIALITY**<br>**AGREEMENT FOR EXPERT,**<br>**CONSULTANT OR EMPLOYEE**<br>**OF ANY PARTY** |

        I, _____ [print or type full

name], of _____ hereby affirm that:

        Information, including documents and things designated as "Confidential,"

"Attorneys' Eyes Only," or "Restricted Attorneys' Eyes Only," as defined in the

Protective Order entered in this Litigation, is being provided to me pursuant to the

--

terms and restrictions of the Protective Order.  I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.  I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Pursuant to paragraph 14 of the attached Protective Order, I have attached (a) my current resume or curriculum vitae, which identifies my current employer, (b) my current and past consulting relationships in the industry, and (c) a listing of cases in which I have testified as an expert at trial or by deposition within the preceding four years.

I understand that I am to retain all documents or materials designated as or containing Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information are to be returned to counsel who provided me with such documents and materials.

PROTECTIVE ORDER                                             Case No.:  CV10-09583 MMM (JCx)

1  DATED:       _____

2  CITY WHERE SWORN AND SIGNED:     _____

3  PRINTED NAME:        _____

4  SIGNATURE:       _____

-26-

TODD D. MATTINGLY, Tex Bar No. 00791203
MATEO Z. FOWLER, California Bar No. 241295
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone:  713-223-2300
Facsimile:   713-221-1212
Todd.Mattingly@bgllp.com
Mateo.Fowler@bgllp.com

ADAM I. GAFNI, California Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2029 Century Park East, Suite 1400
Los Angeles, California 90067
Telephone: (310) 415-0567;
Facsimile: (310) 919-3037
adam@gafnilaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| X6D LIMITED;<br>X6D USA INC.; AND<br>XPAND, INC.<br><br>                    Plaintiff,<br><br>        v.<br><br>VOLFONI, INC.<br>VOLFONI SAS<br><br>                    Defendants. | **CASE NO.:  CV10-09583 MMM<br>(JCx)** *Assigned to the Honorable Judge<br>Margaret M. Morrow*<br><br><br><br>**EXHIBIT B:  CONFIDENTIALITY<br>AGREEMENT FOR THIRD PARTY<br>VENDORS** |

          I, _____ [print or type full

name], of _____ hereby affirm that:

          Information, including documents and things designated as "Confidential,"

"Attorneys' Eyes Only," or "Restricted Attorneys' Eyes Only," as defined in the

-27-

1  Protective Order entered in this Litigation, is being provided to me pursuant to the
2  terms and restrictions of the Protective Order.

3          I have been given a copy of and have read the Protective Order.

4          I am familiar with the terms of the Protective Order and I agree to comply
5  with and to be bound by its terms.  I submit to the jurisdiction of this Court for
6  enforcement of the Protective Order.

7          I agree not to use any Confidential, Attorneys' Eyes Only, or Restricted
8  Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order
9  except for purposes of this Litigation and not to disclose any of this information to
10 persons, other than those specifically authorized by the Protective Order, without the
11 express written consent of the Party who designated the information as confidential
12 or by order of the Court.

13 DATED: _____

14 CITY WHERE SWORN AND SIGNED: _____

15 PRINTED NAME: _____

16 SIGNATURE: _____

-28-