TODD D. MATTINGLY, Tex Bar No. 00791203
MATEO Z. FOWLER, California Bar No. 241295
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone:  713-223-2300
Facsimile:   713-221-1212
Todd.Mattingly@bgllp.com
Mateo.Fowler@bgllp.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| X6D LIMITED;<br>X6D USA INC.; AND<br>XPAND, INC.<br><br>                    Plaintiffs,<br><br>        v.<br><br>LI-TEK CORPORATION COMPANY,<br>et al. | **CASE NO.:  CV 10-2327 GHK (PJWx)**<br><br>**Consolidated for administrative purposes with**<br><br>✔**CASE NO.  CV10-09583 GHK (PJWx)**<br><br>*Assigned to the Honorable Judge George H. King* |
| X6D LIMITED;<br>X6D USA INC.; AND<br>XPAND, INC.<br><br>                    Plaintiffs,<br><br>        v.<br><br>VOLFONI, INC., et al<br><br>                    Defendants. | **PROTECTIVE ORDER** |

-1-

## **PROTECTIVE ORDER**

Good cause appearing, the Court hereby Orders:

**Proceedings and Information Governed.**

1.      On February 2, 2012, the Court ordered that the above styled and numbered consolidated actions (the "Litigation") were consolidated for administrative purposes.  To facilitate the exchange of discovery and documents covered by earlier entered Protective Orders entered in the Litigation, the parties hereby submit this new Order ("Protective Order") which is made under Fed. R. Civ. P. 26(c) and which governs any Discovery Materials designated as Confidential, Attorneys' Eyes Only or Restricted Attorneys' Eyes Only, as those terms are defined below, previously furnished, or to be furnished by any Plaintiff or any Defendant (each hereinafter a "Party") to any other Party in the This Protective Order further applies to any non-party ("Third Party") who produces documents or things in connection with this Litigation regardless of whether such production is made pursuant to subpoena.

**Definitions.**

2.      (a)      "Discovery Materials" means anything produced or provided by any Party to another Party or by any Third Party to a Party in this Litigation, including, but not limited to, documents, things, deposition testimony, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, and other writings or things produced, given, served, or filed in this Litigation, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

(b)      "Producing Party" or "Designating Party" means a Party to this Litigation, or any Third Party, on behalf of which documents, things, or information

are furnished, produced, or disclosed, whether voluntarily or in response to a request for discovery or by court order, during the course of this Litigation.

(c)     "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during the course of this Litigation.

(d)     "Outside Counsel" means the outside counsel of record for each Party, including all attorneys, staff and clerical support personnel affiliated with or employed by such outside counsel, as well as temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support.

(e)     "In-House Counsel" means an attorney who is an employee in the legal department of a Party whose responsibilities include overseeing this case.

(f)     "Party" means every party to this action and every director, officer, and employee of every party to this action.

(g)     A designation of "Confidential" shall mean that the Discovery Material so designated includes, discloses, or comprises, in whole or in part, trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential.  Information designated as "Confidential" may be used and communicated only as provided in this Protective Order.

(h)     A designation of "Attorneys' Eyes Only" shall be limited to: (1) trade secrets; (2) highly sensitive design, development, or manufacturing information; (3) highly sensitive business planning, strategy or marketing information; (4) highly sensitive financial information, including but not limited to financial statements unless such information is publicly available in some form; or (5) other confidential non-public information which the disclosing Party or non-party in good faith believes will result in significant risk of competitive disadvantage or harm if

-3-

1  disclosed to another Party without restriction upon use or further disclosure.

2  Information designated as "Attorneys' Eyes Only" may only be used and disclosed

3  as provided in this Protective Order.

4          (i)     A designation of "Restricted Attorneys' Eyes Only" shall be limited to:

5  (1) source code; (2) source code comments; or (3)documents describing or including

6  source code.  Information designated as "Restricted Attorneys' Eyes Only" may

7  only be used and disclosed as provided in this Protective Order.

8  **Designation and Maintenance of Information.**

9  3.      Confidential, Attorneys' Eyes Only, and Restricted Attorneys' Eyes Only

10  information does not include, and this Protective Order does not apply to (1)

11  information that is already lawfully in the knowledge or possession of the Receiving

12  Party, unless that Party is already bound by agreement not to disclose such

13  information, or (2) information that has been disclosed to the public or third persons

14  in a manner making such information no longer confidential.

15  4.      Discovery Materials produced during the course of this Litigation within the

16  scope of paragraph 2(g) above may be designated by the Producing Party as

17  containing Confidential information by placing on each page and each thing a

18  legend substantially as follows:

19  **"CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE**

20  **ORDER"**

21  All documents of a Party that are electronic in their native format, shall be produced

22  to the Requesting Party in electronic format, unless otherwise agreed upon by the

23  parties in writing.  The Designating Party shall designate Confidential Information

24  by (1) producing the documents in a database and including the designation in a

25  separate database field, (2) affixing a label to the media on which the native

26  documents are being produced, (3) including the designation in the native

27  document's file name, or (4) providing notice of such designation by any other

28

-4-

means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, …").

5.      Discovery Materials produced during the course of this Litigation within the scope of paragraph 2(h) above may be designated by the Producing Party as containing Attorneys' Eyes Only information by placing on each page and each thing a legend substantially as follows:

**"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

All documents of a Party that are electronic in their native format, shall be produced to the Requesting Party in electronic format, unless otherwise agreed to by the parties in writing. The Designating Party shall designate Attorneys' Eyes Only information by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a Receiving Party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that Party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a Party wishing to use that

1   information in a deposition will number the individual pages as "227543.1,
2   227543.2, …").

3   6.      Discovery Materials produced during the course of this Litigation within the
4   scope of paragraph 2(i) above may be designated by the Producing Party as
5   containing Restricted Attorneys' Eyes Only information by placing on each page
6   and each thing a legend substantially as follows:

7   **"RESTRICTED ATTORNEYS' EYES ONLY" or "RESTRICTED**
8   **ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER"**

9   All documents of a Party that are electronic in their native format, shall be produced
10  to the Requesting Party in electronic format, unless otherwise agreed by the parties
11  in writing.  The Designating Party shall designate Restricted Attorneys' Eyes Only
12  information by (1) producing the documents in a database and including the
13  designation in a separate database field, (2) affixing a label to the media on which
14  the native documents are being produced, (3) including the designation in the native
15  document's file name, or (4) providing notice of such designation by any other
16  means agreed to in writing by both the Receiving Party and the Producing Party.  To
17  the extent a Receiving Party intends to use a document produced in native format for
18  depositions, pleadings, trial, or for any other purpose where the identification of
19  individual pages is necessary, that Party shall number the individual pages of the
20  document (such that, for example, with respect to information produced in native
21  format and marked with the bates number "227543," a Party wishing to use that
22  information in a deposition will number the individual pages as "227543.1,
23  227543.2, …").

24  7.      A Party may designate Discovery Materials disclosed at a deposition as
25  Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only by
26  requesting the reporter to so designate the transcript or any portion of the transcript
27  at the time of the deposition.  If no such designation is made at the time of the

28

deposition, any Party will have twenty one (21) calendar days after receipt of the deposition transcript to designate, in writing to the other Parties and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only. During this twenty one (21) calendar day period, the transcript must be treated as Attorneys' Eyes Only, unless the Producing Party consents to less confidential treatment of all or some of the transcript. If no such designation is made at the time of the deposition or within this twenty one (21) calendar day period, the entire deposition will be considered devoid of Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of outside counsel of record for each Party to maintain materials containing Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate or Claim Privilege.**

8.      (a)      The inadvertent failure to designate Discovery Materials in accordance with this Protective Order or to withhold information, documents, or other things as subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity, privilege, or exemption from discovery, will not be deemed to waive a later claim as to its confidential or privileged nature. In the case of a failure to designate Discovery Materials under the Protective Order, such failure shall not preclude the Producing Party from making appropriate designations at a later date in writing and with particularity. The newly designated information must be treated by

1  any Receiving Party in accordance with its new designation from the time the

2  Receiving Party is notified in writing of the change.

3          (b)      If a Producing Party inadvertently discloses to a Receiving Party

4  information that is subject to the attorney-client privilege, the attorney work product

5  doctrine, or that is otherwise privileged or immune from discovery, the Producing

6  Party shall promptly, upon learning of such disclosure, so advise the Receiving

7  Party in writing.  Should the Receiving Party reasonably believe that the Producing

8  Party inadvertently produced privileged Discovery Materials, the Receiving Party

9  shall promptly notify the Producing Party in writing.  The Producing Party shall

10  respond within fourteen (14) calendar days confirming the privilege status of the

11  Discovery Materials in question.  If the Producing Party notifies the Receiving Party

12  that the Discovery Materials identified by the Receiving Party are privileged, then

13  the Receiving Party shall return or confirm the destruction of all of the identified

14  Discovery Materials within fourteen (14) calendar days of receipt of the notice from

15  the Producing Party that the Discovery Materials in question are privileged and shall

16  thereafter refrain from any use whatsoever, in this case or otherwise, of such

17  document or thing.  The notice from the Producing Party shall include a privilege

18  log for the inadvertently produced materials to the Receiving Party.  No Party to this

19  Litigation shall thereafter assert that such disclosure waived any claim of attorney-

20  client privilege, attorney work product, or other privilege or immunity.  The Party

21  returning or destroying such inadvertently produced Discovery Materials may seek

22  production of any such documents in accordance with the Federal Rules of Civil

23  Procedure (based on information independent of the content of the allegedly

24  privileged materials in question), but in so doing may not assert that the inadvertent

25  production by the Producing Party waived any claim of attorney-client privilege,

26  attorney work product, or other privilege or immunity.  Nothing herein shall prevent

27  the Receiving Party from contending that privilege was waived for reasons other

28

-8-

1   than the mere inadvertent production thereof, but such contention shall be based on

2   the privilege log contents and not on the contents of the inadvertently produced

3   document.  Outside counsel of record shall not be required to delete information that

4   may reside on their respective firms' electronic back-up systems that are over-

5   written in the normal course of business.

6   **Challenge to Designations.**

7   9.   A Receiving Party may challenge a Producing Party's designation of

8   information as Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes

9   Only at any time.  Any Receiving Party disagreeing with a designation may request

10   in writing that the Producing Party change the designation.  A Receiving Party that

11   elects to initiate a challenge must do so in good faith and explain in writing the basis

12   for its belief that the confidentiality designation was improper.  The Producing Party

13   will then have fourteen (14) calendar days after receipt of a challenge notice to

14   advise the Receiving Party whether or not it will change the designation.  If the

15   Parties are unable to reach agreement after the expiration of this fourteen (14)

16   calendar day time-frame, the Receiving Party may at any time thereafter seek an

17   order to alter the confidential or privileged status of the designated information.

18   Until any dispute under this paragraph is ruled upon by the Court, the Producing

19   Party's designation will remain in full force and effect, and the information will

20   continue to be accorded the designated level of confidential treatment required by

21   this Protective Order.  The Producing Party shall have the burden of persuading the

22   Court that the designation of materials as Confidential, Attorneys' Eyes Only, or

23   Restricted Attorneys' Eyes Only is appropriate.

24   **Disclosure and Use of Confidential Information.**

25   10.   Absent agreement in writing by the Producing Party or Order of the Court,

26   information designated as Confidential, Attorneys' Eyes Only, or Restricted

27   Attorneys' Eyes Only may only be used for purposes of preparation, trial, and

28

appeal of this Litigation.  This Protective Order has no effect upon and shall not apply to (a) any Producing Party's use of its own Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only materials for any purpose, (b) any person's use of documents or other information developed or obtained independently of discovery in this Litigation for any purpose, or (c) non-confidential documents produced in this Litigation.

11.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client in this Litigation and, in the course thereof, relying upon such attorney's knowledge of Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information; provided, however, that counsel shall not disclose the substance of Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information in a manner not specifically authorized under this Protective Order.

12.     Subject to paragraph 14 below, information designated Confidential may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) any natural person who is a Party or a current officer, director or other employee, but: (i) only to the extent necessary to assist in the conduct or preparation of this litigation; and (ii) only after that individual executes a Confidentiality Agreement in the form attached hereto as Exhibit B and an executed copy is provided to each Party;

(b) two (2) employees of the Receiving Party (or an affiliate thereof in the case of a corporate Party) who are required in good faith to provide assistance in the conduct of this Litigation, including any settlement discussions, subject to paragraph 15 below and their execution of the declaration attached hereto as Exhibit A;

(c) in-house counsel of a Party (or an affiliate thereof in the case of a corporate Party);

PROTECTIVE ORDER                                                    Case No.:  CV10-09583 MMM (JCx)

(d) outside counsel of record for the Receiving Party;

(e) supporting personnel employed by (c) and (d), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(f) outside experts or consultants;

(g)  with respect to any particular document that has been designated as "Confidential," the author or addressee of that particular document, as well as any person who prepared or reviewed that document prior to the date this action was filed;

(h)     Any person who is designated to receive CONFIDENTIAL documents by order of the Court or by written stipulation of the Parties;

(i)     The Court, court personnel, any court or deposition reporters used in connection with this action, and any such reporter's support personnel;

(j) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of a computer database from documents for outside counsel of record's use only; and

(k) those individuals permitted under paragraph 19(b).

13.  Subject to paragraph 14 below, information designated as Attorneys' Eyes Only or Restricted Attorney Eyes' Only may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) outside counsel of record for the Receiving Party;

(b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(c) outside experts or consultants;

(d)     Any person who is designated to receive Attorneys' Eyes Only or Restricted Attorney Eyes' Only documents by order of the Court or by written

-11-

1  stipulation of the Parties;

2  (e)  The Court, court personnel, any court or deposition reporters used in

3  connection with this action, and any such reporter's support personnel;

4  (f) any persons requested by outside counsel of record to furnish services such

5  as document coding, image scanning, mock trial, jury profiling, translation services,

6  court reporting services, demonstrative exhibit preparation, or the creation of a

7  computer database from documents for outside counsel of record's use only;

8  (g) those individuals permitted under paragraph 19(b);

9  (h) notwithstanding any provision of this Protective Order, any attorney or

10  technical advisor for or representing any Parties in this action who obtains, receives,

11  has access to, or otherwise learns, in whole or in part, technical information

12  designated Attorneys' Eyes Only or Restricted Attorneys' Eyes Only shall not

13  prepare, prosecute, supervise, consult, or assist in the prosecution of any patent

14  application generated from or derived from any Attorneys' Eye Only or Restricted

15  Attorneys' Eyes Only information received from another Party or Third Party

16  relating to the subject matter of this litigation within two (2) years from disclosure

17  of the technical information or one (1) year after the conclusion of the litigation,

18  including any appeals, whichever period is longer.  These obligations will not apply

19  to information which the receiving party can establish by legally sufficient evidence

20  (1) was already widely known in the public domain or possessed by the receiving

21  party at a time of the disclosure by the producing party; (2) which becomes widely

22  known public knowledge after disclosure by the producing party to the receiving

23  party through no fault to the receiving party and due to a failure to maintain the

24  confidential nature of said information; and (3) which the receiving party obtains

25  from a third party who has the right to make such transfer or disclosure, after

26  disclosure by the producing party to the receiving party, or was independently

27  developed by the receiving party without using any Confidential, Attorneys' Eyes

28

-12-

1    Only and Restricted Attorneys' Eyes Only information received by the producing

2    party.  Furthermore, in the event of a breach, all parties, including their affiliates,

3    successors-in-interest, predecessors-in-interest, officers, directors, trustees,

4    employees, representatives and other assigns, agree to waive any and all objections

5    to personal and subject matter jurisdiction and service.

6    14.     Further, prior to disclosing Confidential, Attorneys' Eyes Only, or Restricted

7    Attorneys' Eyes Only information to a Receiving Party's proposed expert or

8    consultant, the Receiving Party must provide to the Producing Party (a) a signed

9    Confidentiality Agreement in the form attached to this Protective Order as Exhibit

10   A, (b) the resume or curriculum vitae of the proposed expert or consultant, including

11   identifying the proposed expert's or consultant's current employer, (c) the proposed

12   expert's or consultant's current and past consulting relationships in the industry, and

13   (d) a listing of cases in which the proposed expert or consultant has testified as an

14   expert at trial or by deposition within the preceding four years preceding the date on

15   which the expert or consultant executes Exhibit A.  The Producing Party will

16   thereafter have ten (10) business days from receipt of the Confidentiality Agreement

17   to object to any proposed individual.  The objection must be made for good cause

18   and in writing, stating with particularity the reasons for the objection.  Failure to

19   object within ten (10) business days constitutes approval.  If the Parties are unable to

20   resolve any objection, the Receiving Party may apply to the Court to resolve the

21   matter.  There will be no disclosure to any proposed individual during the ten (10)

22   business day objection period, unless that period is waived by the Producing Party,

23   or, if any objection is made, until the Parties have resolved the objection or the

24   Court has ruled upon any resultant motion.

25   15.     Outside counsel of record is responsible for the adherence by third-party

26   vendors to the terms and conditions of this Protective Order.  Outside counsel of

27   record may fulfill this obligation by obtaining a signed Confidentiality Agreement in

28

-13-

1 the form attached as Exhibit B.

2 16.    Confidential or Attorneys' Eyes Only information may be disclosed to a

3 person who is not already allowed access to such information under this Protective

4 Order if: (a) the information was previously received or authored by the person or

5 was authored or received by a director, officer, employee or agent of the company

6 for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); or (b)

7 outside counsel of record for the Party designating the material agrees that the

8 material may be disclosed to the person.  Disclosure of material pursuant to this

9 paragraph does not constitute a waiver of the confidential status of the material so

10 disclosed.

11 **Protections for Source Code.**

12 17.    Where materials consisting of source code in electronic form are designated

13 as Restricted Attorneys' Eyes Only, this section shall apply thereto in addition to the

14 other provisions of this Protective Order.  At the option of the Producing Party,

15 materials designed as Restricted Attorneys' Eyes Only may be made available on a

16 computer provided by the Producing Party at an appropriately secure facility located

17 in either the Central District of California or the Los Angeles/Orange County area,

18 and chosen by the Producing Party ("the designated facility").  If a Producing Party

19 elects to produce such information at a designated facility, the requesting party shall

20 be responsible for all costs and expenses associated with the designated facility.

21 Such materials shall be made available for inspection by the persons to whom

22 disclosure is authorized pursuant to this Protective Order, at a mutually convenient

23 time at the designated facility.

24 18.    Nothing in this Protective Order shall be construed to obligate (or exempt) the

25 Parties from producing any source code or act as an admission that any particular

26 source code is discoverable.  However, if Discovery Material designated as

27 Restricted Attorneys' Eyes Only is produced at a designated facility, it shall be

28

-14-

1  subject to the following provisions.  Moreover, all such source code, and any other

2  Discovery Materials designated as Restricted Attorneys' Eyes Only, that is produced

3  at a designated facility shall be subject to the following provisions:

4       (a)     All source code will be made available by the Producing Party to the

5  Receiving Party at the designated facility in a private room on a secured computer

6  with all output ports disabled with the exception of a monitored printer connection,

7  as necessary and appropriate to prevent and protect against any unauthorized

8  copying, transmission, removal or other transfer of any source code outside or away

9  from the computer on which the source code is provided for inspection (the "Source

10  Code Computer").  The Producing Party shall be obligated to install such tools or

11  programs necessary to review and search the code produced on the platform

12  produced.  Receiving Party shall not erase, load, install, or otherwise modify any

13  program (or request that any program be erased, loaded, installed, or otherwise

14  modified by the Producing Party) on the Source Code Computer without first

15  submitting a written request and obtaining the Producing Party's agreement to the

16  request.

17       (b)     The Receiving Party's outside counsel of record and/or outside experts

18  shall be entitled to take notes relating to the source code but may not copy the

19  source code into the notes in such a manner as to circumvent the source code

20  protections herein.  No copies of all or any portion of the source code may leave the

21  room in which the source code is inspected except as otherwise provided herein.

22  Further, no other written or electronic record of the source code is permitted except

23  as otherwise provided herein.

24       (c)     The Producing Party shall make available a laser printer with

25  commercially reasonable printing speeds for on-site printing during inspection of the

26  code.  The Receiving Party may print portions of the source code on colored paper

27  only when reasonably necessary to facilitate the Receiving Party's preparation in this

28

-15-

Litigation, including, when reasonably necessary, to prepare any filing with the Court or to serve any pleadings or other papers on any other Party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.  The Receiving Party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time.  In no event may the Receiving Party print more than 25 consecutive pages and no more than 500 pages of source code in aggregate during the duration of this Litigation without prior written approval by the Producing Party or Order of the Court.  Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy on colored (and/or watermarked or otherwise marked to identify any copies made of the copies produced by the Producing Party) paper, and label as "Confidential/Restricted Attorneys' Eyes Only" any pages printed by the Receiving Party.  If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy of such pages on colored paper to the Receiving Party within five (5) business days and shall retain one copy.  The printed pages shall constitute part of the source code produced by the Producing Party in this Litigation.

(d)     A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email)

-16-

1 | notice requesting inspection.  The Receiving Party shall maintain a daily log of the
2 | names of persons who enter the designated facility to view the source code and
3 | when they enter and depart.  The Producing Party shall be entitled to have a person
4 | observe all entrances and exits from the source code viewing room, shall be entitled
5 | to monitor the printer connection to the Source Code Computer, and shall also be
6 | entitled to a copy of the log on request.

7 |      (e)    Unless otherwise agreed in advance by the Parties in writing, following
8 | each inspection, the Receiving Party's outside counsel of record and/or outside
9 | experts shall remove all notes, documents, laptops, and all other materials from the
10 | room that may contain work product and/or attorney-client privileged information.
11 | The Producing Party shall not be responsible for any items left in the room
12 | following each inspection session.

13 |      (f)    Other than as provided in sub-paragraph 19(c) above, the Receiving
14 | Party will not copy, remove, or otherwise transfer any source code from the Source
15 | Code Computer including, without limitation, copying, removing, or transferring the
16 | source code onto any other computers or peripheral equipment.  The Receiving
17 | Party will not transmit any source code in any way from the designated facility.

18 |      (g)    The Receiving Party shall maintain and store any paper copies of the
19 | source code or notes related to such source code (as referenced in sub-paragraph
20 | 19(b) above) at its offices in a manner that prevents duplication of or unauthorized
21 | access to the source code or notes, including, without limitation, storing the source
22 | code or notes in a locked room or cabinet at all times when it is not in use.

23 |      (h)    The Receiving Party's outside counsel of record may make no more
24 | than four additional paper copies on colored paper of any portions of the source
25 | code printed pursuant to sub-paragraph 19(c) above, not including copies attached to
26 | court filings, and shall maintain a log of all copies of the source code (received from
27 | a Producing Party) that are provided by the Receiving Party to any qualified person
28 |

-17-

under the terms of this Protective Order.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel of record for the Receiving Party, (ii) the offices of outside experts who have been approved to access source code under this Protective Order; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.  The Producing Party shall not unreasonably deny a Receiving Party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this Protective Order.  The Producing Party shall be entitled to a copy of the log upon request, and at the conclusion of the Litigation.

(i)     The Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(j)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped "Restricted Attorneys' Eyes Only" or (2) those pages containing quoted source code will be separately bound, and stamped as "Restricted Attorneys' Eyes Only."  All SOURCE CODE DOCUMENTS shall be filed under seal.

(k)     All paper copies shall be securely destroyed if they are no longer necessary in the Litigation (*e.g.*, extra copies at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(l)      The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other Party (including expert reports).  Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).

**Disclosure to Witnesses.**

19.    (a)      Any person currently employed by a Party, retained as an expert witness by a Party, or designated by a Party as a witness under Fed. R. Civ. P. 30(b)(6) may be examined upon deposition concerning any Discovery Materials designated by such Party as Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only.

(b)      Any person other than those identified in paragraph 19(a) who is or may be a witness may be examined upon deposition concerning any Discovery Materials marked Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only, only if the document or other Discovery Material indicates on its face that the person was an author, addressee or recipient of the document, the document came from such person's files, or prior deposition testimony reveals that the person was provided with or had access to the document.

**Non-Party Information.**

20.    The existence of this Protective Order must be disclosed to any Third Party producing Discovery Materials in the Litigation who may reasonably be expected to desire confidential treatment for such Discovery Materials.  Any such person may

1  designate documents, tangible things, or testimony confidential pursuant to this

2  Protective Order.

3  **Filing Documents With the Court.**

4  21.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

5  briefs, and other documents submitted to the Court which have been designated as

6  Confidential, Attorneys' Eyes Only, Restricted Attorneys' Eyes Only, or which

7  contain information so designated shall be filed in accordance with the procedures

8  set forth in Local Rule 79-5.1.

9  **No Prejudice.**

10  22.    Producing or receiving confidential information, or otherwise complying with

11  the terms of this Protective Order, will not: (a) operate as an admission by any Party

12  that any particular Confidential, Attorneys' Eyes Only, or Restricted Attorneys'

13  Eyes Only Discovery Materials contains or reflects trade secrets or any other type of

14  confidential or proprietary information; (b) prejudice the rights of a Party to object

15  to the production of information or material that the Party does not consider to be

16  within the scope of discovery; (c) prejudice the rights of a Party to seek a

17  determination by the Court that particular materials be produced; (d) prejudice the

18  rights of a Party to apply to the Court for further protective orders; (e) prevent the

19  Parties from agreeing in writing to alter or waive the provisions or protections

20  provided for in this Protective Order with respect to any particular information or

21  material; or (f) operate as an admission by any Party that any particular

22  Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information

23  is admissible.

24  **Materials Held Under Obligations of Confidentiality Toward Third Parties.**

25  23.    A Party shall not fail to disclose or otherwise withhold from discovery any

26  document or information on grounds of claimed obligation of confidentiality toward

27  third parties, except in compliance with this provision.  In the event a discovery

28

-20-

1  request (or deposition question) calls for information deemed by a Party to be

2  subject to a contractual obligation of confidentiality to a third party, the Party shall:

3  (a) promptly notify the third party that, unless objection is lodged with the Court

4  within ten (10) days or within the time period set forth in a prior agreement between

5  the producing party and the third party, whichever is longer, the information will be

6  disclosed subject to this protective order; or (b) make prompt motion to the Court

7  demonstrating that its compliance with the third party notice-and-opportunity-to-

8  object-before-disclosure procedure in subsection (a) of this paragraph would in and

9  of itself violate its contractual obligation to the third party.

10  **Conclusion of Litigation.**

11  24.     Within sixty (60) calendar days after entry of final judgment in this Litigation,

12  including the exhaustion of all appeals, or within sixty (60) calendar days after

13  dismissal pursuant to a settlement agreement or otherwise, each Party or other

14  person subject to the terms of this Protective Order is under an obligation to destroy

15  or return to the Producing Party all Discovery Materials containing Confidential,

16  Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only information, and to

17  certify to the Producing Party that this destruction or return has been completed.

18  However, outside counsel of record for any Party is entitled to retain all court

19  papers, trial transcripts, exhibits, and attorney work product, provided that any such

20  materials are maintained and protected in accordance with the terms of this

21  Protective Order.

22  **Other Proceedings.**

23  25.     By entering this Protective Order and limiting the disclosure of Discovery

24  Materials in this Litigation, the Court does not intend to preclude this or another

25  court from finding that information may be relevant and subject to disclosure in

26  another case.  Any person or Party subject to this Protective Order who may be

27  subject to a motion to disclose another Party's information designated under this

28

PROTECTIVE ORDER                                                Case No.:  CV10-09583 MMM (JCx)

Protective Order must promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Survival of Terms.**

26.     Absent written modification by the Parties, the provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this matter and continue to be binding on all persons and entities subject to the terms of this Protective Order.

**Remedies.**

27.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

28.      Any Party may petition the Court for good cause shown if the Party desires relief from a term or condition of this Protective Order.


IT IS SO ORDERED.


Dated:  February 21, 2012


_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE
JUDGE

-22-

1  TODD D. MATTINGLY, Tex Bar No. 00791203
   MATEO Z. FOWLER, California Bar No. 241295
2  BRACEWELL & GIULIANI LLP
   711 Louisiana, Suite 2300
3  Houston, Texas 77002-2781
   Telephone:  713-223-2300
4  Facsimile:   713-221-1212
   Todd.Mattingly@bgllp.com
5  Mateo.Fowler@bgllp.com

6  MEYERS MCCONNELL,
   A Professional Corporation
7  John W. McConnell, III, California Bar No.
   62052
8  Adam I. Gafni, California Bar No. 230045
   11859 Wilshire Blvd., Fourth Floor
9  Los Angeles, California  90025-6601
   Telephone: (310) 312-0772
10 Facsimile: (310) 312-0656
   mcconnell@meyersmcconnell.com
11 gafni@meyersmmconnell.com

12
   Attorneys for Plaintiffs
13

14                **UNITED STATES DISTRICT COURT**

15                **CENTRAL DISTRICT OF CALIFORNIA**

16                     **WESTERN DIVISION**

17
   X6D LIMITED;                          | **CASE NO.:  CV10-09583 MMM**
18 X6D USA INC.; AND                     | **(JCx)** *Assigned to the Honorable Judge*
   XPAND, INC.                           | *Margaret M. Morrow*
19
                  Plaintiff,
20
        v.
21
   VOLFONI, INC.                         | **EXHIBIT A:  CONFIDENTIALITY**
22 VOLFONI SAS                           | **AGREEMENT FOR EXPERT,**
                                         | **CONSULTANT OR EMPLOYEE**
23                Defendants.            | **OF ANY PARTY**

24

25     I, _____ [print or type full

26 name], of _____ hereby affirm that:

27

28
                              --

1    Information, including documents and things designated as "Confidential,"

2    "Attorneys' Eyes Only," or "Restricted Attorneys' Eyes Only," as defined in the

3    Protective Order entered in this Litigation, is being provided to me pursuant to the

4    terms and restrictions of the Protective Order.  I have been given a copy of and have

5    read the Protective Order.

6    I am familiar with the terms of the Protective Order and I agree to comply with

7    and to be bound by its terms.  I submit to the jurisdiction of this Court for

8    enforcement of the Protective Order.

9    I agree not to use any Confidential, Attorneys' Eyes Only, or Restricted

10   Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order,

11   except for purposes of this Litigation, and not to disclose any of this information to

12   persons, other than those specifically authorized by the Protective Order, without the

13   express written consent of the Party who designated the information as confidential

14   or by order of the Court.  I also agree to notify any stenographic, clerical or

15   technical personnel who are required to assist me of the terms of this Protective

16   Order and of its binding effect on them and me.

17   Pursuant to paragraph 14 of the attached Protective Order, I have attached (a)

18   my current resume or curriculum vitae, which identifies my current employer, (b)

19   my current and past consulting relationships in the industry, and (c) a listing of cases

20   in which I have testified as an expert at trial or by deposition within the preceding

21   four years.

22   I understand that I am to retain all documents or materials designated as or

23   containing Confidential, Attorneys' Eyes Only, or Restricted Attorneys' Eyes Only

24   information in a secure manner, and that all such documents and materials are to

25   remain in my personal custody until the completion of my assigned duties in this

26   matter, whereupon all such documents and materials, including all copies thereof,

27   and any writings prepared by me containing any Confidential, Attorneys' Eyes

28

-24-

Only, or Restricted Attorneys' Eyes Only information are to be returned to counsel who provided me with such documents and materials.

DATED: _____

CITY WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____

-25-

1  TODD D. MATTINGLY, Tex Bar No. 00791203
   MATEO Z. FOWLER, California Bar No. 241295
2  BRACEWELL & GIULIANI LLP
   711 Louisiana, Suite 2300
3  Houston, Texas 77002-2781
   Telephone:  713-223-2300
4  Facsimile:  713-221-1212
   Todd.Mattingly@bgllp.com
5  Mateo.Fowler@bgllp.com

6

7  Attorneys for Plaintiffs

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **WESTERN DIVISION**

12

| | |
|---|---|
| X6D LIMITED;<br>X6D USA INC.; AND<br>XPAND, INC.<br><br>                    Plaintiffs,<br><br>        v.<br><br>LI-TEK CORPORATION COMPANY,<br>et al. | **CASE NO.:  CV 10-2327 GHK (PJWx)**<br><br>**Consolidated for administrative purposes with**<br><br>**CASE NO.  CV10-09583 GHK (PJWx)**<br><br>*Assigned to the Honorable Judge George H. King* |
| X6D LIMITED;<br>X6D USA INC.; AND<br>XPAND, INC.<br><br>                    Plaintiffs,<br><br>        v.<br><br>VOLFONI, INC., et al<br><br>                    Defendants. | **EXHIBIT B:  CONFIDENTIALITY AGREEMENT FOR THIRD PARTY VENDORS** |

25      I, _____ [print or type full

26  name], of _____ hereby affirm that:

27

28
                              -26-

PROTECTIVE ORDER                                    Case No.:  CV10-09583 MMM (JCx)

1    Information, including documents and things designated as "Confidential,"

2   "Attorneys' Eyes Only," or "Restricted Attorneys' Eyes Only," as defined in the

3   Protective Order entered in this Litigation, is being provided to me pursuant to the

4   terms and restrictions of the Protective Order.

5    I have been given a copy of and have read the Protective Order.

6    I am familiar with the terms of the Protective Order and I agree to comply

7   with and to be bound by its terms.  I submit to the jurisdiction of this Court for

8   enforcement of the Protective Order.

9    I agree not to use any Confidential, Attorneys' Eyes Only, or Restricted

10  Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order

11  except for purposes of this Litigation and not to disclose any of this information to

12  persons, other than those specifically authorized by the Protective Order, without the

13  express written consent of the Party who designated the information as confidential

14  or by order of the Court.

15  DATED:  _____

16  CITY WHERE SWORN AND SIGNED:  _____

17  PRINTED NAME:  _____

18  SIGNATURE:  _____